UNITED STATES DISTRIC COURT
FOR THE DISTRIC OF COLUMBIA

CINA A. RYAN )
5480 Wisconsin Avenue # 1214 )
Chevy Chase, Maryland  20815 )
)
Plaintiff, )
)
V. )
)
FEDERAL BUREAU OF INVESTIGATION )
J. Edgar Hoover Building )
935 Pennsylvania Avenue, NW )
Washington, DC 20535 )
)
DEPARTMENT OF JUSTICE )
950 Pennsylvania Avenue, NW )
Washington, DC 20530 )
)
_____ Defendants. )

**FILED**

AUG 2 0 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case: 1:14-cv-01422
Assigned To : Chutkan, Tanya S.
Assign. Date : 8/20/2014
Description: FOIA/Privacy Act

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Cina Ryan (Pro Se), bring this action under the Freedom of information Act ("FOIA"), 5 U.S.C. § 552 as amended to compel the Defendants to produce his personal file. Plaintiff is entitled to judicial review of this claim pursuant to 5 U.S.C. § 552 (a)(4)(B). Plaintiff seeks injunctive relief and the immediate release of all records and files in their entirety, from the Federal Bureau of Investigation and Department of Justice, regarding him and all files and records bearing his name, Cina A. Ryan and any and all variant spelling such as Cina Ryan, Sina Ryan, and the name he was formerly known by, Alireza Shishechi.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (federal question jurisdiction).

1

2.    The Court has authority to order the relief requested under 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act) and 5 U.S.C. § 551 et seq. (Administrative Procedures Act). Plaintiff is entitled to judicial review of this claim pursuant to 5 U.S.C. § 552(a)(4)(B).

3.    Venue is proper in this Court under 28 U.S.C. § 1391(e).

## Parties

4.    Plaintiff immigrated to United States from Iran in June 1976 at the age of 24. The plaintiff is a naturalized US citizen. In February, 1986 he legally changed his name from Alireza Shishechi to Cina A. Ryan. He currently resides at 5480 Wisconsin Avenue # 1214 Chevy Chase, Maryland 20815. An exact copy of the plaintiff's name changed dated February 4, 1986 is attached herein and marked as Plaintiff's Exhibit "1".

5.    The plaintiff has engaged four different Attorneys to represent him and obtain information, and copies of his files and records from the Defendants.

6.    Defendant, Federal Bureau of Investigation ("FBI") is an agency of the United States Government and is headquartered at 935 Pennsylvania Avenue, NW Washington, DC 20535 Defendant has possession custody, and control of records to which the plaintiff seeks access.

7.    Defendant, Department of Justice, is an agency within the US Government, and has jurisdiction for administrative appeal over FOIA quests. It is located at 950 Pennsylvania Avenue, NW Washington, DC 20530.

## Statement of facts

8.    Plaintiff strongly believes that he was placed under constant FBI surveillance after the unfortunate incident of 9/11. He realized it just a few days after September 11, 2001 during a phone call he received from his former secretary Ana Sosa, of North Miami Beach. The call was originated in the Dominican Republic.

9.    During that conversation the plaintiff realized that a third person was on the phone line and monitoring their conversation. His belief that he was under FBI surveillance was further confirmed when he was followed every time he left his apartment at 11300 SW 13 St Pembroke Pines, Florida. In addition, one of his neighbors informed him that he had been questioned about the plaintiff by two FBI officials, and one day when the plaintiff retuned home, he realized that his apartment had been searched.

10.    The plaintiff was unemployed for five months at the time he initially realized he was under FBI surveillance after selling an Insurance agency in North Miami, Florida. which he had owned and managed for 12 years.

11.    Finding himself under surveillance was an affront to his dignity, and plaintiff was and still is shocked and angry. He repeatedly questioned "why him". According to the plaintiff's records and witnesses, on the early of 1980s, when he was a student at the University of Tennessee, he was a vocal opponent of the Iranian regime and gave speeches against that government. During that time, he was ambushed by two supporters of the Iranian government, who beat him very badly, left him with a mouth full of blood and threatened him and his family back in Iran, if he continued or speak out against the Iranian regime or file a complaint against them here in the US.

12.    In November, 2001 the plaintiff hired an attorney Yale Galanter, of Fort Lauderdale, Florida. To contact the FBI regarding this matter. However, for some reason Mr. Galanter did not make any effort on behalf of his client. The plaintiff never received any documents from Mr. Galanter, and when the plaintiff contacted the attorney to obtain copies of the case, he was informed by a letter that files were not kept for more than 7 years.  An exact copy of the Mr. Galanter letter dated it May 6, 2011 here is attached and marked as plaintiff Exhibit "2"

3

13.   After many years of not seeing his family, the plaintiff saw his mother and two of his brothers in 1996, but the visit took place in the neighboring country Dubai, because the plaintiff could not enter Iran for political reasons. In March, 2002 the plaintiff decided to visit his family back home in Iran, which he had not done in 26 years out of fear, due to his political situations with the Iranian Government, even after his father passed away in 1994.

14.   The plaintiff's visit to Iran in March 2002 lasted for two months, and upon his return to US, the plaintiff tried to understands why he had been placed under surveillance. He was also waiting to hear from his attorney regarding development in his case.

15.   The plaintiff returned to Iran in September, 2003 to settle his Father's estates. Due to the situation in Iran, the case went to the court and took a long time to resolve. The plaintiff returned to the US in January, 2007 to renew his driver's license and handle some financial matters, and then returned to Iran to finalize the settlement of his father's estates. During his time in Iran, the plaintiff did not have any contact with the Iranian Government. In September, 2008 he returned home to the United State for good and resided in Plantation Florida.

16.   As the plaintiff feared for his life and felt under threat as he was constantly followed by the FBI, on the October 23, 2008 he filed a complaint with the Plantation Police Department in Florida. An exact copy of the complaint dated October 23, 2008 is attached herein and marked as plaintiff's Exhibit "3".

17.   In March, 2009 the plaintiff needed to return to Iran to deal with some real estate transactions. Before traveling, he went to Iranian interest Section in Washington, DC to obtain a visa for his Iranian passport, since it is very difficult and unwise for an Iranian- American to travel to Iran with an American passport.

18.  In Washington, DC the plaintiff spoke to an Attorney, Saeid Amini, and requests that

he contact the FBI on his behalf. In March, 2009 Mr. Amini sent a letter to the FBI in which the plaintiff offered to make himself available to any questioning even consenting to a polygraph test in order to clarify any possible issues about which the FBI might be concerned. No formal reply was received from FBI. An exact copy of the letter to the FBI dated March 23, 2009 is attached herein and marked as plaintiff Exhibit "4".

19.   For his trip to Iran in March, 2009 the plaintiff purchased round-trip tickets from British Airways from Miami to London, to Tehran, and vice versa. He departed on March 22, 2009 and upon arrival in London's Heathrow Airport, was detained, physically searched, fingerprinted and photographed. All his belongings were also seized. He was interviewed three times by three different customs officials and treated as if he were a member of a terrorist organization. When the plaintiff questioned why he has being detained, telling the officials  he is a US citizen with an American passport, and asking to contact the human rights office in London, he was told that he had security issues in the US. An exact copy of the computer printout tickets is attached herein and marked as Plaintiff's Exhibit "5".

20.   Twenty-four hours after being detained, two officers took the plaintiff to an airplane and deported him back to US. An exact copy of the deportation documents are attached herein and marked as Plaintiff's Exhibit "6".

21.   After being deported back to US, the plaintiff tried to settle down in Florida. But it became apparent that it would be very difficult for him to get any help regarding his case while living in Florida. In October, 2009 he moved to the Washington, DC Metropolitan area in order to seek help for his case and enable him to rebuild his shattered life.

22.   On the February 2, 2010 the plaintiff contacted another Attorney Daniel Willard, of Rockville, Maryland. After a completed explanation of his case, the attorney advised the

plaintiff that he would begin by filing a request under the "FOIA" in order to obtain from the FBI all files and records pertaining to the plaintiff. In order to see what was in his record, the plaintiff concurred. Mr. Willard requested that the plaintiff return the following day to sign retainer agreement. The plaintiff complied with Mr. Willard's request and signed the agreement.

23.   Two weeks later, Mr. Willard instructed the plaintiff to bring his passport to his office. Mr. Willard intended to file a lawsuit against the British Airways. When plaintiff questioned why he wanted to sue British Airways, Mr. Willard replied that it was all he could do for the case, and that is based on the retainer agreement. The plaintiff was shocked to learn that Mr. Willard had changed the case without his knowledge and subsequently fired him. An exact copy of the Mr. Willard retainer agreement is attached herein and marked as Plaintiff's Exhibit "7".

24.   On February 19, 2010 for the fourth times, the plaintiff contacted another attorney Mr. Ferd Rejali, of Mclean, Virginia. Mr. Rejali promised that he would pursue the case through the court system if he did not receive the completed file from the FBI. And through this attorney, the plaintiff requested his files from the FBI under the freedom of information act (FOIA/Privacy Act).

25.   On or about May 21, 2010 the FBI responded to plaintiff's request by sending him a one page note in which it was stated that the plaintiff had no arrest record. An exact copy of the FBI's May 21, 2010 replay is attached herein and marked as Plaintiff's Exhibit "8".

26.   After receiving the FBI's replay, Mr. Rejali decided he no longer wanted to pursue the case. As the plaintiff had paid in advance for Mr. Rejali's services, he fired him and filed a complained with the Virginia bar Association to recover unused fees which Mr. Rejali refused

to refund. The panel of three awarded the plaintiff the amount of $2,666. An exact copy of the plaintiff awarded letter dated September 29, 2011 is attached herein and marked as Plaintiff's Exhibit "9".

27.   After having engaged four different attorneys to represent him in this matter without a result the plaintiff realized that given the interferences affecting his case, his best course of actions was to represent himself in his case.

28.   Because the FBI's replay dated March 21, 2010 was not response to plaintiff's request for his complete FBI file, on or about October 12, 2010 the plaintiff's sent a second letter reiterating his request. An exact copy of plaintiff's October 12, 2010 letter is attached herein and market as Plaintiff's Exhibit "10".

29.   In November, 2010 the plaintiff received a reply from FBI. In his letter of November 10, 2010 Mr. David M. Hardy, Section Chief of Records, informed the plaintiff that "we were unable to identify responsive main file records" and failed to confirm or deny that plaintiff was on any government watch list. The letter indicated that the plaintiff could appeal the decision to the Director of the Office of Information Policy (OIP) at the U.S. Department of Justice. An exact copy of Mr. Hardy's November 10, 2010 letter is attached herein and marked as plaintiff's Exhibit "11".

30.   On December 2, 2010 plaintiff filed an appeal with the Office of the Information Policy U.S. Department of Justice. An exact copy of the plaintiff's December 2, 2010 appeal is attached herein and marked as Plaintiff's Exhibit "12".

31.   The Office of Information Policy (OIP), U.S. Department of Justice acknowledged receipt of the plaintiff appeal on December 20, 2010. An exact copy of OIP's letter to the plaintiff's is attached herein and marked as Plaintiff's Exhibit "13".

32.   On February 25, 2011 as the plaintiff had not received a response from OIP, he sent another letter to the OIP. An exact copy of the plaintiff's February 25, 2011 letter to the OIP is attached herein and marked as Plaintiff's Exhibit "14".

33.   In a letter dated April 14, 2011 OIP responded to plaintiff's appeal which had been initiated on December 2, 2010. In the letter, Mr. Priscilla Jones, supervisory administrative specialist stated that plaintiff's appeal had been assigned to her office. An exact copy of the April 14, 2011 letter from Ms. Priscilla Jones is attached herein and marked as plaintiff's Exhibit "15".

34.   OIP's final decision on plaintiff's appeal was communicated to him in a letter dated June 21, 2011 signed by Ms. Janice Galli McLeod, Associate Director. As more fully provided in Exhibit "16" attached herein, OIP affirmed the FBI's action in refusing to confirm or deny the existence of any records responsive to plaintiff's request. The plaintiff was further advised to file an action with the federal district court if he was not satisfied with OIP's decision. An exact copy of OIP's letter of June 21, 2011 is attached herein and marked as Plaintiff's Exhibit "16".

35.   As a last resort the Plaintiff attempted to appeal to the Justice Department thorough a letter dated March 19, 2012 by one of his former attorney Saeid Amini, to Mr. Eric Holder, the Attorney General of the United Stated.  The letter was sent to 950 Pennsylvania Avenue, NW Washington, DC 20530. The letter was sent via Federal Express, and the Federal Express office has confirmed that it was signed by H. Owens.  However, as of the date of this filing, there has been no reply to the letter. An exact copy of the aforementioned letter dated March 19, 2012 to Mr. Eric Holder Attorney General, and an exact copy of the Federal Express signed receipt is attached herein and marked as Plaintiff's Exhibit "17".

36.   This is not an instance of the plaintiff having, in the present or past, any traitorous thoughts, or performing any acts against the US Government, or ever being sympathetic towards such ideas. His records proved that.

37.   This is a case of personal jealousy and hatred on the part of individuals with whom the plaintiff used to associate and considered friends, namely Mr. Ali Marvasti, of Davie, Florida. And Mr. Mohammed Khanzadeh of South Miami, Florida. Both of whom the plaintiff knew for 25 years at the time of their association and considered friends. Mr. Marvasti borrowed thousands of dollars from the plaintiff's, in the mid-1990s, which caused a problem for the plaintiff's,  Mr. Marvasti turned against the plaintiff and became his worst enemy. Mr. Mohammed Khanzedeh, another friend of 25 years at the time, from South Miami, these both Mr. Marvasti and Mr. Khanzadeh became FBI informant.

38.   The plaintiff contends that these homeland security informants,  Mr. Ali Marvasti and Mr. Mohammed Khanzadeh, by taking advantage of the aftermath of 9/11, in the name of national security, by making false allegations and fabricating stories or intentionally taking the plaintiff's words out of context with the intention to ruined the plaintiff's life, without any fear of having to answer to anyone.

39.   Also a few weeks after the 9/11, the plaintiff's longtime girlfriend Ms. Mirta Solano of south Miami, Florida. Was advised to stay away from the plaintiff.  Then she was turned to an FBI's informant and was sent her back to the plaintiff. Two weeks later, they set up and staged for a rape case against the plaintiff, which fortunately did not work. Later the plaintiff's girlfriend apologized to the plaintiff regarding that matter. The plaintiff and his former girlfriend, after all these years, still speak with each other by phone from time to time.

40.   After moving to Washington, DC in December, 2009 the plaintiff has been harassed

on a regular basis. In December, 2009 the plaintiff rented an apartment on Wisconsin Avenue. He regularly bought a newspaper in front of his apartment building from a newspaper stands as he was looking for a job at the time. After a week he noticed that an additional newspaper stands has been placed next to the first newspaper stand, with a single copy of an old edition of the Washington post with a famous picture of deposed Iraqi leader, Saddam Hossain with his long hair and beard on the front page.  The picture was taken when our troops pulled him out of his hiding place in 2003. That same copy of the Washington post was left on the newspaper stand in front of the plaintiff's building for more than 3 years. Until October 2013 when someone broke the glass of the newspaper stand and removed the picture. The plaintiff contends that the placement of the newspaper with the picture of deposed Iraqi leader Saddam Hussein in the newspaper stand in front of his apartment building for more than three years was an attempt to harass and intimidate him.

41.   It has been an attempt to assassinate the plaintiff, on the February 10, 2013 when the plaintiff was returning home from shopping and he purchased a self-ignition propone gas Cylinder for the cooking help, someone gone to his apartment and released the natural gas from his kitchen oven, which fortunately the plaintiff's realized that and offset the danger.

42.   The Plaintiff has reason to believe that his mail and food have been tampered with. Some important mail was not delivered to his address, so he is very concerned about future tampering with his mail. He is also extremely worried about his health given the tampering with his food.  When the Plaintiff leaves his apartment, someone with a key enters his apartment. Most of the time, something noticeable is done in his apartment in order to create more fear and doubt in the Plaintiff's mind. The Plaintiff also continues to constantly be followed and verbally harassed and threatened when he goes to restaurants and other places.

On February 20, 2013 when the Plaintiff had the required legal documents ready to file, someone secretly entered his apartment and removed some important pages from his documents.

43.   For more than a decade the plaintiff has been suffering and living in a genuine state of fear and threat, with an affront to his dignity. His life has been shattered, his health is deteriorating, and his family back home has been directly affected, as they are extremely concerned about the serious and false allegation against their loved one in the United States for such a long period of time.

44.   The plaintiff has a statutory right to obtain the record that he is seeking, and there is no legal basis for the defendants to withhold them. For several years, the plaintiff's has tried in good faith to obtain information and his FBI files and records pertaining to him through the appropriate administrative means. However, by rejecting the plaintiff's appeal on June 22, 211 the FBI left him no other options but to pursue his request for his FBI files through the court system.

45.   The plaintiff's respectfully requested this Honorable Court to order the defendants to immediately release all files and records pertaining to the plaintiff's because the plaintiff is not a terrorist, spy or informant. He has no criminal records, and therefore files pertaining to him cannot be lawfully categorized as classified or relevant to national security matters. Therefore, under FOIA or any other law, there is no valid reason the files and records pertaining to the plaintiff should be withheld.

**WHEREFORE**, the Plaintiff requested that the Honorable Court:

(1)      Declare that the Defendants' refusal to disclose the records requested by the plaintiff's is unlawful:

11

(2)     Order Defendants FBI and Justice Department to make the requested records available to plaintiff;

(3)     Grant the plaintiff any relief as this Court may deem just and proper.

Dated August 20, 2014                        Respectfully Submitted,

Cina A. Ryan

(Pro Se Plaintiff)

5480 Wisconsin Avenue. # 1214
Chevy Chase, Maryland 20815
202-412-5444
srsina@yahoo.com

12

09/06/2011   13:08   7039184957                THE REJALI GROUP                    PAGE 06

FILED _____ ~ ~ _____ 19 __

_____ Bill McPHERSON, CLERK

BY _____ ay _____ D.C.

IN THE PROBATE COURT FOR DAVIDSON COUNTY, TENNESSEE

AT NASHVILLE

M.B. 304~131

IN RE:                    )
                          )
NAME CHANGE OF            )          NO. 77707
                          )
ALIREZA SHISHECHI         )

THE OHIO LEGAL BLANK CO., INC.

**PLAINTIFF'S EXHIBIT**

**1**

CLEVELAND, OHIO 44102-1799

### DECREE

This cause came on to be heard this __28__ day of __Jan.__, 1986,

before the Honorable James Everett, Judge of the Probate Court for Davidson

County, Tennessee, upon the Petition of Alireza Shishechi to have his name

changed to Cina A. Ryan.  Said Petition containing Petitioners' reasons for

desiring the change which are satisfactory to the Court.

It is, therefore, ORDERED,  ADJUDGED and DECREED by this Court that

the name of Alireza Shishechi be changed to Cina A. Ryan that he may

hereafter be known and designated as such and do any and all other matters

which they are entitled by law to do under his new name.

Enter this __4__ day of __Feb__, 1986.

_____ (signature) _____
                                                    JUDGE

APPROVED FOR ENTRY:

_____ (signature) _____
Gregory M. Galloway
Attorney for Petitioner

BILL McPHERSON
COUNTY CLERK
344-H69

_____ Davidson County _____

### STATE OF TENNESSEE, DAVIDSON COUNTY

77707

I, BILL McPHERSON, Clerk of the Probate Court of Davidson County, State aforesaid, do

certify that the foregoing is a full, true and complete copy of ~~Decree~~ changing the name of ..........

BILL McPHERSON
COUNTY CLERK
244-1826

*Davidson County*

## STATE OF TENNESSEE, DAVIDSON COUNTY

77707

I, BILL McPHERSON, *Clerk of the Probate Court of Davidson County, State aforesaid, do certify that the foregoing is a full, true and complete copy of* Decree changing the name of Alireza Shishechi to Cina A. Ryan, being filed February 4, 1986 being entered in Minute Book 304, Page 131

*which remains of record on file in said office.*

*Given under my hand and official seal, at office, in Nashville, this* .....4th........ *day of* ..February.. 19 86 ...........

Bill Mc Pherson
*Clerk of Probate Court.*

Jeanette L. Coughan
*Deputy Clerk.*

LAW OFFICES

# YALE L. GALANTER, P.A.

3730 N.E. 199 Terrace
Aventura, Florida 33180
Ph. (305)576-0244 Dade
Fax: (305)402-4624



May 6, 2011

Mr. Cina (Sina) Ryan
5480 Wisconsin Ave
#1214
Chevy Chase, MD 20815

Re: Your letter dated April 26, 2011

Dear Mr. Ryan,

In response to your letter, please be advised that our Fort Lauderdale office closed in the summer of 2008. All files that were more than seven (7) years old were destroyed at that time. Therefore your file no longer exists.

Additionally, all cases handled by my office are done on a flat fee basis. This means there would be no balance due. I do have a vague memory regarding your case and believe that at the time you retained us in 2001, you were concerned about whether or not you were a target of any ongoing investigation. We determined that you in fact were not a target at that time and this information was transferred to you.

If we can be of any service to you in the future, please do not hesitate to call.

Sincerely,

Dictated
But Not Signed
To Expedite
YALE L. GALANTER

YLG/ac

PLAINTIFF'S EXHIBIT 3

THE OHIO LEGAL BLANK CO., INC
CLEVELAND, OHIO  44102-1799

3g-PPD-201 (revised 10/07)

# OFFENSE INCIDENT REPORT

JUVENILE ☐

**ADM**

| AGENCY ORI NUMBER | AGENCY NAME | | | | CASE NUMBER |
|---|---|---|---|---|---|
| FL 0060600 | | PLANTATION POLICE DEPARTMENT | | | 0810-001300 |

| INCIDENT TITLE | REPORTED: DAY | REPORTED: DATE | TIME DISPATCHED (MIL) | TIME ARRIVED (MIL) | TIME COMPLETED (MIL) |
|---|---|---|---|---|---|
| INFORMATION (DEFINED) | THURSDAY | 10/23/2008 | 1850 | DESK | 21:00 |

| INCIDENT FROM: | DAY | DATE | TIME (MIL) | INCIDENT TO: | DAY | DATE | TIME (MIL) |
|---|---|---|---|---|---|---|---|
| | THURSDAY | 09/23/2008 | 08:00 | | THURSDAY | 10/23/2008 | 16:00 |

| INCIDENT LOCATION/STREET | | APT.# | CITY | ZIP |
|---|---|---|---|---|
| 731 N PINE ISLAND RD | | 105 | PLANTATION FL | 33324 |

| LOCATION TYPE | FORCED ENTRY | OCCUPANCY |
|---|---|---|
| 02 APARTMENT / CONDO | 0 N/A | 0 N/A |

| INCIDENT TYPE 1 FELONY 2 TRAFFIC FELONY | 3 MISDEMEANOR 4 TRAFFIC MISDEMEANOR | 5 ORDINANCE 6 OTHER | # OFFENSES 0 | # VICTIMS 0 | # OFFENDERS 0 | \$VAL/\$L STOLEN 0 | TYPE WEAPON 00 N/A |
|---|---|---|---|---|---|---|---|

**OFFENSE(S)**

| | OFFENSE TYPE | DESCRIPTION | | STATUTE VIOLATION NUMBER | NCIC / UCR CODE |
|---|---|---|---|---|---|
| #1 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |
| #2 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |
| #3 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |
| #4 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |
| #5 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |
| #6 | | | A-ATTEMPTED C-COMMITTED | ( ) | ( ) |

**CODES**

| CODE V-VICTIM W-WITNESS C-REPORTING PERSON | P-PROPRIETOR Z-OTHER | TYPE 0 N/A 1 JUVENILE 2 LE OFFICER 2 ADULT | 4 BUSINESS 5 GOVERNMENT 6 CHURCH 8 OTHER | RACE N-N/A W-WHITE B-BLACK | I-AMERICAN INDIAN O-ORIENTAL/ASIAN | SEX N-N/A M-MALE F-FEMALE | RESIDENCE TYPE 0 N/A 1 CITY 2 COUNTY | 3 FLORIDA 4 OUT-OF-STATE | RESIDENCE STATUS 0 N/A 1 FULL YEAR 2 PART YEAR 3 NON-RESIDENT | EXTENT OF INJURY 8 NONE 1 MINOR 2 SERIOUS 3 FATAL |
|---|---|---|---|---|---|---|---|---|---|---|
| INJURY TYPE 00 N/A 01 GUNSHOT 02 STABBED 03 LACERATION | 04 UNCONSCIOUS 05 POSS. BROKEN BONES 06 POSS. INTERNAL INJURY 07 LOSS OF TEETH | 88 BURNS 89 ABRASIONS/BRUISES 99 OTHER | RELATIONSHIP TO OFFENDER 01 UNDETERMINED 02 STRANGER 03 SPOUSE 04 EX-SPOUSE | 05 CO-HABITANT 06 PARENT 07 BROTHER/SISTER 08 CHILD 09 STEP-PARENT | 10 STEP-CHILD 11 IN-LAW 12 OTHER FAMILY 13 STUDENT 14 TEACHER | 15 CHILD OF BOY/GIRL FRIEND 16 BOY/GIRL FRIEND 17 FRIEND 18 NEIGHBOR 19 SITTER/DAY CARE | 20 EMPLOYEE 21 EMPLOYER 22 LANDLORD/TENANT 23 ACQUAINTANCE 99 OTHER KNOWN | | | |

**VICTIM / WIT / OTHER**

| OFFENSE INDICATOR | CODE C | # 1 | TYPE 3 | LAST NAME (OR BUSINESS) RYAN | | | FIRST NAME CINA | MIDDLE NAME A. |
|---|---|---|---|---|---|---|---|---|

| STREET (ADDRESS) 731 N PINE ISLAND RD | APT.# 105 | CITY PLANTATION FL | STATE | ZIP 33324 | RESIDENCE PHONE 954 245 9533 |
|---|---|---|---|---|---|

| OTHER CONTACT INFO. (TIME AVAILABLE INTERPRETER ETC.) | SYNOPSIS OF INVOLVEMENT | BUSINESS PHONE |
|---|---|---|

| COMPLETE IF TYPE 1,2, OR 3 | RACE W | SEX M | DATE OF BIRTH OR AGE 02-28-52 | RES. TYPE 1 | RES. STATUS 1 | EXTENT OF INJURY 8 | INJURY TYPE(S) | | RELATIONSHIP 01-Undetermined |
|---|---|---|---|---|---|---|---|---|---|

| OFFENSE INDICATOR | CODE Z | # 1 | TYPE 5 | LAST NAME (OR BUSINESS) UNKNOWN | FIRST NAME | MIDDLE NAME |
|---|---|---|---|---|---|---|

| STREET (ADDRESS) UNKNOWN | APT.# | CITY | STATE | ZIP | RESIDENCE PHONE |
|---|---|---|---|---|---|

| OTHER CONTACT INFO. (TIME AVAILABLE INTERPRETER ETC.) | SYNOPSIS OF INVOLVEMENT | BUSINESS PHONE UNKNOWN |
|---|---|---|

| COMPLETE IF TYPE 1,2, OR 3 | RACE | SEX | DATE OF BIRTH OR AGE | RES. TYPE | RES. STATUS | EXTENT OF INJURY | INJURY TYPE(S) | RELATIONSHIP |
|---|---|---|---|---|---|---|---|---|

**SUSPECT PERSON**

| OFFENSE INDICATOR | SUSPECT CODE A-SUSPECT A-ARRESTEE | E-ESCAPEE | CODE | # | JUVENILE ☐ | LAST NAME | FIRST NAME | MIDDLE NAME |
|---|---|---|---|---|---|---|---|---|

| MAIDEN NAME | NICKNAME / STREET NAME | PLACE OF BIRTH | RESIDENCE PHONE |
|---|---|---|---|

| STREET (ADDRESS) | APT.# | CITY | STATE | ZIP | BUSINESS PHONE |
|---|---|---|---|---|---|

| OCCUPATION | EMPLOYER/SCHOOL | ADDRESS | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| DRIVER'S LICENSE STATE/NUMBER | IMMIGRATION AND NATURALIZATION NUMBER | OTHER ID NUMBER | OBTS NUMBER (ARRESTED) | FCIC / NCIC |
|---|---|---|---|---|

| CLOTHING (DESCRIPTION) | UCARS / MARKS / TATTOOS (LOCATION, DESCRIBE) |
|---|---|

| RACE | SEX | DATE OF BIRTH OR AGE | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR | HAIR LENGTH | HAIR STYLE |
|---|---|---|---|---|---|---|---|---|

| COMPLEXION | BUILD | FACIAL HAIR | TEETH | SPEECH / VOICE | SPECIAL IDENTIFIERS |
|---|---|---|---|---|---|

| RELATED REPORT NUMBER(S) |
|---|

**ADMINISTRATIVE**

| OFFICER REPORTING CSA BHARNANDAN | ID NUMBER 0234 | UNIT W -57 DESK | SHIFT CHARLIE | DATE 10/23/2008 |
|---|---|---|---|---|

| OFFICER REVIEWING (IF APPLICABLE) | ID NUMBER | ROUTED TO | REFERRED TO | ASSIGNED TO | BY | DATE |
|---|---|---|---|---|---|---|

| CASE STATUS | CLEARANCE TYPE | A-ADULT J-JUVENILE | DATE CLEARED | ARREST NUMBER | # ARRESTED |
|---|---|---|---|---|---|

| EXCEPTION TYPE | | | | OBTS NUMBER | |
|---|---|---|---|---|---|

| OFFICER REPORTING DIGITAL SIGNATURE (IF APPLICABLE) | OFFICER REVIEWING DIGITAL SIGNATURE (IF APPLICABLE) | PAGE 1 OF 2 |
|---|---|---|

39-PPD-203 (revised 11/07)                    **NARRATIVE CONTINUATION**                JUVENILE ☐  1. ORIGINAL / 2. SUPPLEMENT ☐ 1

| ADM | AGENCY ORI NUMBER | AGENCY NAME | | CASE NUMBER |
|---|---|---|---|---|
| | FL 0060600 | PLANTATION POLICE DEPARTMENT | | 0810-001300 |
| | ORIGINAL DATE REPORTED | CASE REFERENCE | | |
| | 10/23/2008 | INFORMATION  POSSIBLE  THREAT | | |

Mr. Cina Ryan reported that he knowns he is under FBI surveillance for the past six years . Reporter stated that since he returned to the USA about four week ago he is being watched and followed by FBI agents who are attempting to kill him. Reporter stated that his phone is also being tapped and he is not safe wherever he goes. Reporter said that he was advised by the State Attorney's office to make a Police report.

*NARRATIVE CONTINUATION*

*ADMINISTRATIVE*

| REPORT CONTAINS | | | | RELATED REPORT NUMBER(S) | | | |
|---|---|---|---|---|---|---|---|
| OFFICER REPORTING CSA B HARNANDAN | *[signature]* | | ID. NUMBER 0234 | UNIT W -57 DESK | SHIFT CHARLIE | DATE 10/23/2008 | |
| OFFICER REVIEWING IF APPLICABLE | ID. NUMBER | ROUTED TO | REFERRED TO | ASSIGNED TO | BY | DATE | |
| CASE STATUS | CLEARANCE TYPE | A-ADULT J-JUVENILE | | DATE CLEARED | ARREST NUMBER | | # ARRESTED |
| EXCEPTION TYPE | | | | | ORTS NUMBER | | |
| OFFICER REPORTING DIGITAL SIGNATURE (IF APPLICABLE) | | | OFFICER REVIEWING DIGITAL SIGNATURE (IF APPLICABLE) | | | PAGE 2 | PAGE OF 2 |

**THE LAW OFFICES OF SAEID B. AMINI**
*District of Columbia, Florida, Maryland, New York, Ohio*
**SAEID B. AMINI**, PH.D., MBA, JD



THE OHIO LEGAL BLANK CO., INC.
PLAINTIFF'S
EXHIBIT
4
CLEVELAND, OHIO 44102-1799

| | |
|---|---|
| 730 24th Street, NW | 22901 Millcreek Blvd. |
| Suite One | Metropolitan Plaza, Suite 395 |
| Washington D/ | |
| C 20037 | Cleveland, Ohio 44122 |
| 202-965-8887 | 216/381-4500 |
| 202-965-4446 (f) | 216/839-1122 (f) |

Cell Phone: 202-306-9444
Email: sbajd98@yahoo.com

March 23, 2009

VIA First Class US Mail

**FBI Washington**
Washington Metropolitan Field Office
601 4th Street, N.W.
Washington, D.C.

Re:  Client's Name:   Cina A. Ryan (aka Alireza Shishechi)
     Client's Address: 731 N. Pine Island Road, Apt. 402
                       Plantation, FL  33324-1314
     Client's SS #:    xxx-77-8542
     Client's DOB:     February 20, 1952
     Client's FL DL#:  R500-101-52-060-0

To Whom It May Concern:

Please be advised that the above name client contacted me on Thursday, March 19, 2009, and informed me that he strongly believes and has evidence to support that he has been under constant FBI surveillance since 2001. He also believes that his life was recently threatened by someone whom my client believes to be an FBI agent. While my client has not provided me with any evidence to support his claim and his fear, nevertheless, it appears that he genuinely believes that he is being constantly watched and as a result he lives under extreme fear.

My client, Mr. Ryan, told me that he was naturalized as a US Citizen in April of 2001. He was born in Iran on or about February 20, 1952, and formally changed his name from Alireza Shishechi to Cina Ryan in 1986. Mr. Ryan retired from the insurance business in 2001 and currently lives in Plantation, Florida.

While, I cannot verify any of my client's claims at this time, if in fact he is a target of any investigation and/or a person of interest, my client is willing to voluntarily appear at any FBI office and offer himself for any questioning (even under polygraph test) so that he can clarify any possible issues that the FBI may be concerned about.   Otherwise, I would greatly appreciate if you would inform me in writing that my client is NOT a person of interest or the target of any investigation so that I can relay this message to him and advise him to seek appropriate medical evaluation.

In advance, I would like to thank the FBI for taking the time to respond to this letter.  I am sure that your response would help my client to calm himself down and get past the constant fear that he is currently living under.

Meanwhile, if you have any questions or wish to contact me regarding this matter, please feel free to do so.   All my contact information is provided above and my cell phone and email are the fastest way of reaching me.

Thank you for your anticipated cooperation.

Sincerely,

Saeid B. Amini, Ph.D., MBA, JD
Attorney at Law


Cc:   **FBI North Miami Beach**              via First Class US Mail
16320 Northwest Second Avenue
North Miami Beach, Florida 33169-6508


Mr.Cina Rayan                    via email sinaryan@yahoo.com
731 N. Pine Island Road, Apt. 402      & First Class US Mail
Plantation, FL 33324



**From:** 801 TRAVEL INC. (AGENTID02645844) <emailserver@pop3.amadeus.net>
**To:** DAVIDWINGARD@AOL.COM
**Subject:** RYAN/CINA 22MAR MIA
**Date:** Tue, 10 Mar 2009 2:33 pm

# RYAN/CINA 22MAR MIA

```
This document is automatically generated.
Please do not respond to this mail.

801 TRAVEL INC.                      DATE 10MARCH09
11825 SW 69TH COURT                  AGENT JG/JG BOOKING REF 4EWDQI
LOBBY
MIAMI, FL 33156                      RYAN/CINA
TELEPHONE: 305 375 9254
FAX     : 786 268-7819
  MR. CINA RYAN
  MR. SAM JAZAYRI


SERVICE            DATE  FROM            TO            DEPART  ARRIVE


BRITISH AIRWAYS    22MAR MIAMI FL       LONDON        950P    1005A
BA 208             SUNDAY MIAMI INTL    HEATHROW              23MAR
Q ECONOMY                AIRCRAFT:      BOEING 747-400
                         RESERVATION CONFIRMED

CLICK HERE FOR LONDON CITY INFO, TRANSFERS & EVENTS

BMI                09APR LONDON         TEHRAN        645P    410A
BD 931             THURSDAY HEATHROW    IMAM KHOMEINI         10APR
M ECONOMY                AIRCRAFT:      AIRBUS INDUSTRIE A321
                         SEAT 28C CONFIRMED
                         RESERVATION CONFIRMED

CLICK HERE FOR TEHRAN CITY INFO, TRANSFERS & EVENTS

BMI                03AUG TEHRAN         LONDON        855A    1200N
BD 932             MONDAY IMAM KHOMEINI HEATHROW
Q ECONOMY                AIRCRAFT:      AIRBUS INDUSTRIE A321
                         RESERVATION CONFIRMED

CLICK HERE FOR LONDON CITY INFO, TRANSFERS & EVENTS

BRITISH AIRWAYS    03AUG LONDON         MIAMI FL      140P    545P
BA 209             MONDAY HEATHROW      MIAMI INTL
Q ECONOMY                AIRCRAFT:      BOEING 747-400
                         RESERVATION CONFIRMED

CLICK HERE FOR MIAMI CITY INFO, TRANSFERS & EVENTS

RESERVATION NUMBER(S)  BA/NOSYNC  BD/HHD79

      PENALTIES FOR CHANGES ON RESERVATIONS VARIES FROM AIRLINES
```



THE OHIO LEGAL BLANK CO., INC.
PLAINTIFF'S
EXHIBIT
6
CLEVELAND, OHIO  44102-1799



**Home Office**

**UK Border Agency**

Port Ref: TN5/2695391

HO Ref:

UK Immigration Service
Heathrow Terminal 5
Wellington Road
Heathrow Airport
Hounslow
TW6 2GA
Tel:   Fax:

IS.82A

---

### IMMIGRATION ACT 1971 AND NATIONALITY, IMMIGRATION AND ASYLUM ACT 2002
### NOTICE OF REFUSAL OF LEAVE TO ENTER[1]

---

COH ID: **12350771**

**To: Ryan Cina**

You have asked for leave to enter the United Kingdom as a visitor for 15 days but I am not satisfied that you are genuinely seeking entry as a visitor for the limited period as stated by you. This is because you state that you intend to lodge a human rights claim against the American FBI, who you state have been harassing you in the USA. However, you have not satisfactorily explained why you have come to the United Kingdom in order to do this. You have additionally made no enquiries or arrangements about how to pursue such a claim in this country. Furthermore, you have previously visited the United Kingdom in September 2008 for 15 days, but you have been unable to satisfactorily explain what you did during your stay on that occasion. I consider that all the above casts doubt upon your credibility and I am consequently not satisfied that you are a genuine visitor on this occasion.

**I therefore refuse you leave to enter the United Kingdom.**

**REMOVAL DIRECTIONS**

I have given/propose to give directions for your removal to **United States of America** by flight/ship/train:
**BA209 to Miami at 13:30 on 24/03/2009**

**RIGHT OF APPEAL**

Your right of appeal is limited under section 88[2] and/or 89[3] (as appropriate) because it was taken on the grounds that **you/the** person on whom you are dependent:

☐ **do/does** not satisfy a requirement as to age, citizenship or nationality specified in immigration rules (Section 88(2)(a)[2]),

☐ **do/does** not have a particular immigration document (Section 88(2)(b)[2]),

☐ **have/has** failed to supply a medical report or a medical certificate in accordance with a requirement of immigration rules (Section 88(2)(ba)[3]),

☐ **is/are** seeking to be in the United Kingdom for a period longer than is permitted by immigration rules (Section 88(2)(c)[2]),

☐ **is/are** seeking to enter the United Kingdom for a purpose other than one for which entry is permitted by immigration rules (Section 88(2)(d)[2]),

☑ do not have an entry clearance valid for the purpose for which your application for leave to enter was made  (Section 89(1)[3]),

Date of Service                          **23 March 2009**

The contents of this notice have been explained to you in English/

by me/

Date:      **23 March 2009**            Immigration Officer

**Please note: Limited Information about you such as relevant medical or behavioural issues will be shared with the relevant parties involved in the removal process where necessary to facilitate your safe removal from the UK.**

---

[1] In compliance with the Immigration (Notices) Regulations 2003 made under section 105 of the Nationality, Immigration and Asylum Act 2002



Port Ref: TN5/2695391
HO Ref:

**IS.91R**

**Home Office**

**UK Border Agency**

UK Immigration Service
Heathrow Terminal 5
Wellington Road
Heathrow Airport
Hounslow
TW6 2GA
Tel:   Fax:

## NOTICE TO DETAINEE
## REASONS FOR DETENTION AND BAIL RIGHTS

**1. To:** Ryan Cina

I am ordering your detention under powers contained in the Immigration
Act 1971 or the Nationality, Immigration and Asylum Act 2002.

See note  ☒(1)☐(2)☐(3)
☐(4)☐(5)    overleaf.

**2. Detention is only used when there is no reasonable alternative available. It has been decided that you should remain in detention because (tick all boxes that apply):**

|   |   |   |   |
|---|---|---|---|
|   | a. | ☐ | You are likely to abscond if given temporary admission or release. |
|   | b. | ☒ | There is insufficient reliable information to decide on whether to grant you temporary admission or release. |
|   | c. | ☒ | Your removal from the United Kingdom is imminent. |
| ☑ | d. | ☐ | You need to be detained whilst alternative arrangements are made for your care. |
|   | e. | ☐ | Your release is not considered conducive to the public good. |
|   | f. | ☐ | I am satisfied that your application may be decided quickly using the fast track procedures. |

**This decision has been reached on the basis of the following factors (tick all boxes that apply):**

|   |   |   |   |
|---|---|---|---|
|   | 1. | ☐ | You do not have enough close ties (eg. family or friends) to make it likely that you will stay in one place. |
|   | 2. | ☐ | You have previously failed to comply with conditions of your stay, temporary admission or release. |
|   | 3. | ☐ | You have previously absconded or escaped. |
|   | 4. | ☐ | On initial consideration, it appears that your application may be one which can be decided quickly. |
|   | 5. | ☐ | You have used or attempted to use deception in a way that leads us to consider you may continue to deceive. |
|   | 6. | ☒ | You have failed to give satisfactory or reliable answers to an Immigration Officer's enquiries. |
|   | 7. | ☐ | You have not produced satisfactory evidence of your identity, nationality or lawful basis to be in the UK. |
| ☑ | 8. | ☐ | You have previously failed or refused to leave the UK when required to do so. |
|   | 9. | ☐ | You are a young person without the care of a parent or guardian. |
|   | 10. | ☐ | Your health gives serious cause for concern on grounds of your own wellbeing and/or public health or safety. |
|   | 11. | ☐ | You are excluded from the UK at the personal direction of the Secretary of State. |
|   | 12. | ☐ | You are detained for reasons of national security, the reasons are/will be set out in another letter. |
|   | 13. | ☐ | Your unacceptable character, conduct or associations. |
|   | 14. | ☐ | I consider this reasonably necessary in order to take your fingerprints because you have failed to provide them voluntarily. |

Your case will be regularly reviewed. You will be informed, in writing, of the outcome of the review.

**Sign** 

Immigration Officer /
On behalf of the Secretary of Sta



Port Ref:   TN5/2695391
HO Ref:                                                                          IS.86

**UK Immigration Service**
**Heathrow Terminal 5**
**Wellington Road**
**Heathrow Airport**
**Hounslow**
**TW6 2GA**
Tel:   Fax:

---

**IMMIGRATION AND ASYLUM ACT 1999**
**Notification of Requirement to Provide Fingerprints**

---

To:   **Ryan Cina**

Also known as:

**You are liable to have your fingerprints taken for the following reason(s)[1]:**

☐ 1. You have failed to produce on arrival a valid passport with photograph or some other document satisfactorily establishing your identity and nationality or citizenship and an immigration officer does not consider that you have a reasonable excuse for the failure.

☐ 2. You have been refused entry to the United Kingdom but have been Temporarily Admitted. However, an immigration officer reasonably suspects that you might break a condition imposed on you relating to residence or reporting to a police or immigration officer and this decision has been confirmed by a chief immigration officer.

☐ 3. A relevant immigration decision[2] has been made in respect of you, that is, a decision *[delete as appropriate]*
That you are to be removed from the United Kingdom by way of directions under section 10 of the Immigration and Asylum Act 1999 because you are unlawfully in the United Kingdom.
That you are to be removed from the United Kingdom as an illegal entrant.
That you are to be removed from the United Kingdom because you are the family member of an illegal entrant who is to be removed from the United Kingdom.
To make a deportation order.
To refuse to revoke a deportation order of which you are the subject.

☒ 4. You have been detained under paragraph 16 of Schedule 2 to the 1971 Act or arrested under paragraph 17 of Schedule 2 to that Act.

☐ 5. You have made a claim for asylum or a claim that it would be contrary to Article 3 of the European Convention on Human Rights for you to be removed from, or required to leave, the United Kingdom.

☐ 6. You are a dependant of someone who falls into one of the categories numbered 1-5 above[3]

Reasonable force may be used if necessary[4].

**DESTRUCTION OF FINGERPRINTS[5]**

Your fingerprints and any copies of them will be destroyed

**Either** Before the end of a period of ten years beginning with the day on which they were taken unless otherwise specified by the Secretary of State.

**Or** As soon as reasonably practicable if you prove you are a British Citizen or a Commonwealth citizen who has the right of abode in the United Kingdom as a result of section 2(1)(b) of the Immigration Act 1971;

**Or** if you are a dependant of someone falling within categories 1-5 above, at the same time as that person's fingerprints have to be destroyed.

If it is shown that you are an EEA national, or a family member of an EEA national, who would qualify to be admitted to the United Kingdom in accordance with the Immigration (European Economic Area) Regulations 2006, it is our policy to destroy your fingerprints as soon as reasonably practicable.

## Important notice for detained persons

You may on request have one person known to you or who is likely to take an interest in your welfare informed at public expense as soon as practicable of your whereabouts.

### 3. Bail Rights

This explains certain rights that you have as a detainee to apply to be released on bail.

A   If you have been detained pending an Immigration Officer's or the Secretary of State's decision on your application for leave to enter, you may, when seven days have elapsed since the date of your arrival in the United Kingdom, apply to an Adjudicator or to a Chief Immigration Officer to be released on bail.

B   If you have been detained pending the giving of removal directions, or you are awaiting removal in accordance with those directions, and you are not being detained under Schedule 3 to the 1971 Act, you may apply at any time to an Adjudicator or a Chief Immigration Officer to be released on bail.

C   If you have been served with a notice of intention to deport and have been detained pending the making of a deportation order  you may apply at any time to an Adjudicator or a Chief Immigration Officer to be released on bail.

D   If you have been recommended for deportation by a court you may apply at any time, pending the giving of removal directions, to an Adjudicator or a Chief Immigration Officer to be released on bail.

E   If you have been served with a deportation order and you are detained pending your removal or voluntary departure, you may apply at any time, pending the giving of removal directions to an Adjudicator or a Chief Immigration Officer to be released on bail.

NOTE: If you have been detained for more than 8 days any application to be released on bail should be made to the Secretary of State rather than a Chief Immigration Officer.

### 4. Assistance
If you need help making your application, the **Immigration Advisory Service (IAS)** or the **Refugee Legal Centre (RLC)** may be able to assist. Both provide free advice and assistance and are independent of Government. They may be able to arrange representation for you at Court. Contact details are as follows:-

**Immigration Advisory Service** (please contact local office)

| | | | | | |
|---|---|---|---|---|---|
| Birmingham | (0121) 6163540 | Cardiff | (029) 2049 6662 | Glasgow | (0141) 248 2956 |
| Heathrow | (020) 8814 1115 | Leeds | (0113) 244 2460 | London | (020) 79671200 |
| Manchester | (0161) 834 9942 | 24 Hour helpline | (020) 7378 9191 | Liverpool | (0151) 2420920 |

**Refugee Legal Centre**

| | | | | | |
|---|---|---|---|---|---|
| Detention Advice Line | (0800) 592 398 | Out of Hours Emergency Line | (0831) 598 057 | Advice Line | (020) 7378 624? |

5.
☑

| | |
|---|---|
| ☐ | The contents of this notice have been explained to you in English by me. |
| ☐ | The contents of this notice have been explained to you in _____ *Language* |
| ☐ | by _____ *Name of interpreter* |

| | | | |
|---|---|---|---|
| Date | **23/03/2009** | Signed _____ | Immigration Officer / On behalf of the secretary of State* (*delete as appropriate) |

Notes:

**DETENTION POWERS**

(1)   For a passenger who has been informed on arrival that he/she is subject to examination/ further examination or has been refused leave to enter the United Kingdom - Paragraph 16 of Schedule 2 to the 1971 Act or section 62 of the 2002 Act.

(2)   For an illegal entrant or a person to whom section 10 of the Immigration and Asylum Act 1999 applies - Paragraph 16 of Schedule 2 to the 1971 Act or section 62 of the 2002 Act.

(3)   A person served with a Notice of Decision to make a deportation order, whose detention has been authorised by the Secretary of State.

(4)   For the subject of a Deportation Order whose detention has been authorised by the Secretary of State - Paragraph 2(3) of Schedule 3 to the 1971 Act.

(5)   For a person recommended for deportation by a court who has not been detained by the court nor released on bail - Paragraph 2(1) of Schedule 3 to the 1971 Act.

purposes or to enable them to perform their functions.  In particular, if your fingerprints were taken for asylum purposes they may be disclosed in confidence to the asylum authorities of other countries which may have responsibility for considering your claim. Fingerprints may also be supplied to a country of which you are a national or citizen, although any claim for asylum will not be disclosed.

The contents of this notice have been explained to you in

English / _____

by me / _____

Immigration Officer: _____     Date **23 March 2009**

---

[1] Section 141 Immigration and Asylum Act 1999
2 Section 82(2)(g), (h), (l), (j) or (k) of the Nationality Immigration and Asylum Act 2002
[3] If under age 16 in accordance with Section 141(3) & (12) of Immigration and Asylum Act 1999
[4] Section 146 Immigration and Asylum Act 1999
[5] Section 143 Immigration and Asylum Act 1999

THE OHIO LEGAL BLANK CO., INC.
PLAINTIFF'S
EXHIBIT
7
CLEVELAND, OHIO  44102-1799

Office use only: _____

## RETAINER AGREEMENT

I, the undersigned, on this 2/2/10 day of January, 2010, hereby retain the law office of DANIEL S. WILLARD, P.C., ["you"] to represent me with regard to research and possible appeal of airline "watch list" designation _____ and, for matters brought to you other than the above, at your hourly rates as such other legal matters may arise from time to time. You are not providing me business or other non-legal advice.

I understand the terms of representation to be as follows:

(1)   RETAINER.  A retainer of **$2,500** is immediately due.  Work is not to commence until this retainer is paid.  I authorize you to withdraw cost charges from the retainer amount as they are billed.  I will replenish this retainer every month or within 10 days of being advised that it has dropped to 50% of the original amount.  The retainer is **not an estimate** of my entire legal bill.

(2)   HOURLY CHARGES/INTEREST.  You will bill me monthly.  Hourly fees of $250.00 per hour are due for the services of Daniel S. Willard, Esquire, and $235.00 per hour are due for the services of Madelon H. Willard, Esquire.  Other attorneys will be billed at $195.00 per hour.  Paralegals and legal assistants are billed at $95.00 per hour.  Rush service may incur a premium of a higher rate to be mutually agreed to.  There is **a minimum charge of .3 hours** for telephone calls, correspondence and document review. **If this box is checked,** ☐, there shall be **no minimum** charge, but all rates shall be $25/hr. higher. If checked, Client initials ____ and your initials ____. These hourly rates are subject to re-negotiation but may not increase by more than 5 percent (5%) annually, so long as fees are timely paid ___N/A_____ ___N/A_____. I understand that you are not agreeing to finance our legal services and that any balance not paid out of retainer is to be paid directly pursuant to the terms hereof. I will pay interest at **18% annual simple interest** on any balance due more than 20 days.

(3)   N/A CONTINGENCY FEE; PROCEEDS OF ANY CASE.  I will pay a contingency fee from all sums recovered of N/A percent before suit is filed and N/A percent of all sums recovered after suit is filed.  This fee does not cover the costs of defending any counter or cross claim, which will be at an hourly rate.  You and I will agree at a later date as to the fee for any appeal.  No work will be performed pursuant to a contingency fee agreement that you would not recommend be performed, on a cost/benefit basis, if this were an hourly matter at your regular hourly rates of $250 per hour.  Proceeds of any settlement or judgment will be paid by joint check to you and me and cleared through your trust account.  I authorize the deposit of any proceeds check in your trust account.  You will not disburse any settlement proceeds without my approval.

(4)   FLAT FEE/ENGAGEMENT FEE.  I will pay a flat fee of **N/A**, immediately payable, which will be credited against any contingency or hourly fee due.  If a retainer is paid, this sum shall be deducted from the first retainer payment. This flat fee is for engagement fee plus hourly work.  100% of such fee is a **non-refundable** engagement fee, a fee for you to be available to handle my case and to not, for example, represent adverse parties.

(5)   COSTS.  I understand that I am responsible for all costs of litigation and other representation, including, but not limited to, expert, deposition, transcription, filing, mileage, in-office and out-of-office copying, postage, long distance phone calls, faxes and courier fees.  Costs will be itemized, except for local telephone calls.  Current copy cost is $.20 per page for in-office copying plus secretarial/paralegal time (at $80.00 per hour) if in excess of one-half hour. You will send me a revised costs schedule from time to time as your office costs change.

(6)   LITIGATION PRACTICE/NO GUARANTEE OF RESULT.  I understand that day-to-day commercial and trial law practice and the emergencies of other clients sometimes prevent response to telephone calls and correspondence within an 8-hour day but that you will make best efforts to respond to my contacts as quickly as possible and that some calls may be returned by your office personnel to provide more timely response.  I have not been guaranteed any specific legal result and understand that no such guarantee would be possible.

(7)   TERMINATION.  I may terminate this Agreement at any time upon written notice.  You may terminate this Agreement for any ethically permissible or required reason including;

    (a)    my non-disclosure/misstatement of facts relevant to this matter;
    (b)    non-cooperation or non-payment of fees and costs due;
    (c)    refusal to follow specific advice; and
    (d)    conflict of interest.

I understand that the special nature of the attorney/client relationship makes it difficult for you to be my full time advocate while seeking payment from me of your legal bills and that you may terminate this relationship for non-payment of an outstanding invoice within 35 days of mailing. If my account remains unpaid for 30 days, you have the right thereafter to withdraw from my case, upon 10 days notice, subject to the rules of court applicable to any then ongoing litigation in which you represent me. Reasonable attorneys fees are also due if you must litigate or arbitrate to recover fees.

**My (client) initials:** _____

(8)   OBLIGATIONS AFTER TERMINATION.  Termination does not affect obligations already undertaken, such as accrued fees and costs.  A "quantum meruit" fee may be due in a terminated contingency fee case.  A lien may exist by statute in any terminated case.  You have a lien for unpaid attorney's fees and costs on any settlement or judgment proceeds. In a contingency case, the lien before a settlement offer is made by the

1

defendant(s) shall be for at least the lesser of the contingency percentage agreed upon and the hours you have expended in the case at a reduced hourly rate of $125/hour. Jurisdiction shall be in Maryland only. This agreement shall be construed pursuant to Maryland law.

(9)   FILE STORAGE.   You own and will retain your files regarding my legal matters in storage for three years from the conclusion of my case. You shall not be responsible for the loss of any of the contents caused in whole or part due to act of God or third party. I am responsible for keeping separate copies of all our documents. File retrieval shall be charged at your then applicable file retrieval fee plus costs of copying. Thereafter, you may destroy same without further notice or consent, unless you receive instructions from me in writing to the contrary plus appropriate fees and costs.

(10)   BILLING PROCEDURES.   You will send me itemized monthly bills. Those bills are payable on receipt. You will generally close your monthly billing on about the 20th of each month and forward billing for time and expenses not included in prior months billing. You ask that I call you or your billing personnel at any time with any billing questions or concerns. Your personnel will seek to contact me in the event of late payment. I understand that you are not extending credit under this agreement and that credit terms must be arranged separately.

(11)   OPTION.   In addition to my rights to terminate under Paragraph 7, I may void this contract within three (3) business days of entering it and receive a full refund of any retainers or other sums paid, except for engagement fees or for services already rendered. I have a First Amendment right at any time to select counsel of our choosing, subject only to the obligation to pay for services already rendered or fees already earned. I understand that you want us to fully understand all terms of this agreement and do not want us to enter into an agreement I do not understand. I understand that you will seek to answer any/all of my questions regarding this agreement and that if I still do not understand, I should go to alternate counsel for an explanation.

(12)   MISCELLANEOUS.   Headings are for reference only and not intended to limit content. First person pronouns, whether referencing masculine or feminine, individual or corporate entity, singular or plural, are to be construed to mean the client or clients entering into this agreement.

KEEP THIS DOCUMENT FOR REFERENCE IN EVENT OF QUESTIONS.

Client represents that I are not aware of any person already represented by you with whom I may have differing interests, except for: _____

You have agreed to provide representation to me on the above terms because I represent that I have answered and will answer all your questions regarding my matters truthfully, will co-operate with you fully in prosecuting my legal matter(s), and am not pursuing any legal matter(s) through your office for any criminal or fraudulent purpose or with the sole intent to hinder or delay any other party in litigation in which I are involved.

ADDENDUM TERMS:

CLIENT (I):   x _____

Print Name: _____CINA-RYAN_____

Billing Address: ___5480 Wisconsin Ave___

___Chevy Chase MD 20815___

ACCEPTED:

DANIEL S. WILLARD, P.C.

by: _____
    Daniel S. Willard

    Date: _____

-- Copyright 1991-2010. Daniel S. Willard, P.C.

1-787 (Rev. 01-12-2010)





U.S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

MAY 21, 2010    4907

**CINA RYAN**
**C/O: FRED M REJALI ESQ**
**8300 GREENSBORO DR STE 800**
**MCLEAN VA 22102**

The Criminal Justice Information Services (CJIS) Division of the Federal Bureau of Investigation has completed the following fingerprint submission:

| Subject Name | Received | Returned | Result |
|---|---|---|---|
| **CINA RYAN** | 04/06/2010 | 05/18/2010 | NO ARREST RECORD-FBI |

Social Security number:    XXX-XX-8542

The result of the above response is only effective for the date the submission was originally returned.  For more updated information, please submit new fingerprints of the subject.

In order to protect Personally Identifiable Information, as of August 17, 2009, FBI policy has changed to no longer return the fingerprint cards.  This form will serve as the FBI's official response.

Any questions may be addressed to the Customer Service Group at (304) 625-5590.  You may also visit the Web site at www.fbi.gov for further instructions.

Biometric Services Section
Criminal Justice Information
Services Division



THE OHIO LEGAL BLANK CO., INC

PLAINTIFF'S
EXHIBIT

9

CLEVELAND, OHIO  44102-1799

## VIRGINIA STATE BAR
## 19th JUDICIAL CIRCUIT COMMITTEE
## FOR RESOLUTION OF FEE DISPUTE

IN RE:  FEE DISPUTE BETWEEN

CINA A. RYAN
Petitioner,

v.

FRED M. REJALI
Respondent.

### ARBITRATION AWARD

The undersigned, Robert L. Fredericks, Jr., Chairman of the fee arbitration panel consisting of Robert L. Fredericks, Jr., Esq., William J. Lyden, Esq., and Susan Green, hereby issues the following findings and rulings on behalf of the panel in the above referenced matter:

1.  A hearing was held on September 13, 2011, at 4110 Chain Bridge Road, Hearing Room B, Fairfax, Virginia 22030.

2. The Petitioner and Respondent were both present at the hearing. Both parties submitted documents in the form of pre-hearing submissions which were accepted into evidence.  Both parties also presented evidence by way of proffers and sworn testimony, and argument was presented by each of the parties.

3. The parties entered into a written fee agreement dated February 19, 2010.

4.   The Petitioner is seeking an award in the total amount of $5,200.00.

5.   Although the parties in this case entered into a written fee agreement, there was significant disagreement between the parties about the interactions (both the number and type), and the efforts of counsel and the results obtained.

6.   The panel notes that the "Retainer Agreement" was internally inconsistent in that it indicated that no additional fees would be charged; but later it stated that an additional retainer would be paid when the initial retainer was exhausted.

7.   Although an itemized bill dated August 23, 2010, was presented among the documents submitted for the hearing, the evidence was clear that no itemized statements had ever been sent to the petitioner by the respondent.

8.   Based upon the evidence presented by both parties as to the scope of work, efforts, representations and results, and degree of necessary attorney involvement at the various meetings and for the various tasks, the panel finds that the petitioner is entitled to a refund of fees in the amount of $2,666.00.

IN ACCORDANCE with the foregoing findings it therefore ordered as follows:

A.   The undersigned, on behalf of the panel, awards to the Petitioner the sum of $2,666.00.

B.   This arbitration award resolves all claims submitted to the panel.

C.   That upon payment by the Respondent to the Petitioner of $2,666.00, the Petitioner shall execute an appropriate Satisfaction of this award.

D.   That this award may be enforced in accordance with the Uniform Arbitration Act as set forth in §8.01-581.01 *et seq.* code of Virginia, 1950, as amended.

DATED THIS 29th DAY OF SEPTEMBER, 2011.

THE UNDERSIGNED PANEL MEMBERS ATTEST THAT THE ABOVE AWARD WAS UNANIMOUSLY AGREED BY ALL OF US

Robert L. Fredericks, Jr., Chairman
Fredericks & Stephens, P.C.
10521 Judicial Drive, Suite 303
Fairfax, VA 22030
Telephone: (703) 691-7575
Facsimile: (703) 691-7505

William J. Lyden, Esq., Panel Member
10615 Judicial Drive, Suite 502
Fairfax, Virginia 22030
Telephone: (703) 359-8020
Facsimile: (703) 359-8028

Susan Green, Panel Member

**Cina A. Ryan**
5480 Wisconsin Ave., Apt. 1214
Chevy Chase, Maryland 20815

Cell Phone: 202-412-5444
Email: srsina@yahoo.com



October 12, 2010

VIA First Class US Mail

**Federal Bureau of Investigation**
**Attn: FOI/PA Request**
Record Information Dissemination Section
Winchester, VA 22602-4843

Re:   REQUEST FOR A COMPLETE COPY OF MY FBI FILE
      Name of Requester:       Cina A. Ryan (aka Alireza Shishechi)
      Requester's Address:     5480 Wisconsin Ave., Apt. 1214
                               Chevy Chase, Maryland 20815
      Requester's SS #:        xxx-xx-8542
      Requester's DOB:         February 20, 1952
      Requester's MD DL#:      R-500-116-014-133
      Reason for Request:      Personal

To Whom It May Concern:

On or about March 16, 2009, I asked my attorney, Saeid B. Amini to contact the FBI to inquire about FBI surveillance on me. Not satisfied with the outcome of this attorney's efforts, I subsequently contacted other attorneys, including, Mr. Fred M. Rejali. On or about April 1, 2010, Mr. Rejali requested my complete FBI file. A copy of Mr. Rejali's letter is enclosed herein and marked as Exhibit "A". In response to this request, the FBI's Biometric Services Section provided me with short reply indicating that I had no "Arrest Record". A copy of the May 21, 2010, reply from FBI is enclosed herein and marked as Exhibit "B". I do not believe this was responsive to my attorney's request which was for my complete FBI file.

Since September 11, 2001, I have been living in intense fear of the constant surveillance by government agents. I cannot get a good night's sleep because of the noninvasive physical and mental manipulation by the agents from the neighboring apartments. I am constantly being watched when I am outside or shopping. It is not uncommon that store managers follow me in the stores and check the items I put back on the shelves. I am positive that I have a file with FBI because when traveling through Heathrow airport England in March of 2009, I was stopped by

the British airport Custom Officers and held for 24 hours.  I was not allowed to enter England because I was told to have "issues".  After the short detention I returned to the United States and remained under constant surveillance.   Therefore, I respectfully, request a copy of my complete FBI file and I am willing to voluntarily to go to any FBI office and answer any questions that the US Government may have.  I simply want to clear my name, cease the unfair surveillance and be left alone so I can secure employment.

My name is Cina Ryan. I was born in Iran on February 20, 1952, as Alireza Shishechi and immigrated to the United States on June, 10 1976.  I formally changed my name from Alireza Shishechi to Cina Ryan in 1986.  I was naturalized as a US Citizen in April of 2001.  I retired from the insurance business in 2001 and in 2009, I moved from Plantation, Florida to Washington DC area because of the constant fear I was living with in Florida.  Unfortunately, my fears have not lessened as the surveillance continued after my move to Washington DC area.

In advance, I would like to thank the FBI for taking the time to respond to this letter.  I am sure that your response would help me to relieve myself from constant fear that I have been living under since 2001.

Meanwhile, if you have any questions or wish to contact me regarding this matter, please feel free to do so.   All my contact information is provided above.

Thank you for your anticipated cooperation.

Sincerely,

Cina A. Ryan

Enclosures

CC:   **FBI Washington**
Washington Metropolitan Field Office
Office of Release of Information
Under Freedom of Information Act.
601 4th Street, N.W.
Washington, D.C. 20935

2





**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 4, 2010

MR. CINA A. RYAN
APARTMENT 1214
5480 WISCONSIN AVENUE
CHEVY CHASE, MD 20815

FOIPA Request No.: 1155618- 000
Subject: RYAN, CINA A.

Dear Mr. Ryan:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant 28 U.S.C. § 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our Central Records System for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FBI. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division



THE OHIO LEGAL BLANK CO., INC.

PLAINTIFF'S
EXHIBIT
12

CLEVELAND, OHIO 44102-1799

### Cina A. Ryan
5480 Wisconsin Ave., Apt. 1214
Chevy Chase, Maryland  20815

Cell Phone: 202-412-5444
Email: srsina@yahoo.com

December 2, 2010

VIA Certified First Class US Mail

## *Freedom of Information Appeal*

Director,
Office of Information Policy (OIP)
US Department of Justice
1425 New York Ave.
Suite 11050
Washington DC    20530-0001

Re: **Appeal** **from Non-Responsive Report of FBI**

| | |
|---|---|
| EOIPA Request No.: | 1155618-000 |
| Name of Requester: | Cina A. Ryan (aka Alireza Shishechi) |
| Requester's Address: | 5480 Wisconsin Ave., Apt. 1214 |
| | Chevy Chase, Maryland  20815 |
| Requester's SS #: | xxx-xx-8542 |
| Requester's DOB: | February 20, 1952 |
| Requester's MD DL#: | R-500-116-014-133 |
| Reason for Request: | Personal |

Dear Director of Office of Information Policy:

I am writing to formally appeal the Non-Responsive Report of FBI dated November 10, 2010. A copy of the FBI letter generated from the office of Record/Information Dissemination is enclosed for your review and marked as Exhibit "A". This letter was in response to my letter of October 12, 2010, which is attached and marked as Exhibit "B". As you can see in his November 10 letter, Mr. David M. Hardy neither confirmed nor denied the existence of certain records that I requested about myself.

I need help from your office to clear my name and stop all unwarranted and unfair surveillance I have been subjected to. I am tired of all the attentions that I have been given by various US agencies. I just want to be left alone. As a first step, I would like to obtain a copy of my personal files from the FBI and other US agencies so I can identify the source of all these attentions.

As background information, I would like to state that since September 11, 2001, I have been living in intense fear of the constant surveillance by government agents. I cannot get a good night's sleep because of the non-invasive physical and mental manipulation by the agents from the neighboring apartments. I am constantly being watched when I am outside or shopping. It is not uncommon that store managers follow me in the stores and check the items I put back on the shelves. I am positive that I have a file with the FBI because when traveling through Heathrow airport in London in March of 2009, I was stopped by British Customs agents and held for 24 hours. I was not allowed to enter England because I have "issues". Therefore, I respectfully, request a copy of my complete FBI file. I am willing to go to any US agencies and answer any questions the Government may have. I simply want to clear my name, halt the unfair surveillance and be left alone so I can secure employment.

My name is Cina Ryan. I was born in Iran on February 20, 1952, as Alireza Shishechi and immigrated to the United States on June, 10 1976. I formally changed my name from Alireza Shishechi to Cina Ryan in 1986. I was naturalized as a US Citizen in April 2001. I retired from the insurance business in 2001 and, in 2009, I moved from Plantation, Florida, to the Washington, DC area because of the constant fear I was living with. Unfortunately, the surveillance continued after my move.

In advance, I would like to thank your office for taking the time to respond to this letter. I am sure that your response would help me to relieve the constant fear I have been living under since 2001.

Meanwhile, if you have any questions or wish to contact me, please feel free to do so. All my contact information is provided above.

Thank you for your anticipated cooperation.

Sincerely,

Cina A. Ryan

Enclosures

CC:   US Department of Justice
      Attn: Office of Civil & Human Rights
      950 Pennsylvania Ave, NW
      Washington DC  20530-0001



**U.S. Department of Justice**

Office of Information Policy



---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

**DEC 2 0 2010**

Mr. Cina A. Ryan
Apartment 1214
5480 Wisconsin Avenue
Chevy Chase, MD  20815

      Re:  Request No. 1155618

Dear Mr. Ryan:

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on December 13, 2010.

      The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2011-00577**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal you may contact me at the number above.

                Sincerely,

                Priscilla Jones
                Supervisory Administrative Specialist

**Cina A. Ryan**
5480 Wisconsin Ave., Apt. 1214
Chevy Chase, Maryland 20815



Cell Phone: 202-412-5444
Email: srsina@yahoo.com

February 25, 2011

VIA Certified First Class US Mail

### *Request for UPDATE on Freedom of Information Appeal*

Director,
Office of Information Policy (OIP)
US Department of Justice
1425 New York Ave.
Suite 11050
Washington DC    20530-0001

Re:  **Appeal from Non-Responsive Report of FBI**
    EOIPA Request No.:        1155618-000
    Name of Requester:        Cina A. Ryan (aka Alireza Shishechi)
    Requester's Address:       5480 Wisconsin Ave., Apt. 1214
                                Chevy Chase, Maryland 20815
    Requester's SS #:          xxx-xx-8542
    Requester's DOB:          February 20, 1952
    Requester's MD DL#:       R-500-116-014-133
    Reason for Request:        Personal

Dear Director of Office of Information Policy:

I am writing to request an update on my appeal that was mailed to your office on or about December 2, 2010. It has been over two and half months since filing of my appeal from the Non-Responsive Report of FBI dated November 10, 2010 (was attached to my appeal).

I am anxiously waiting for your investigation and reply to my appeal. I need help from your office to clear my name and stop all unwarranted and unfair surveillance I have been subjected to. I am tired of all the attentions that I have been given by various US agencies. I just want to be left alone. As a first step, I would like to obtain a copy of my personal files from the FBI and other US agencies so I can identify the source of all these attentions.

Every day of my life is like living in hell with intense fear of the constant surveillance by government agents.  I cannot get a good night's sleep because of the non-invasive physical and mental manipulation by the agents.  I am constantly being watched when I am outside or shopping.  It is not uncommon that store managers follow me in the stores and check the items I put back on the shelves.  I am positive that I have a file with the FBI and despite my repeated requests I have not been provided with my file.

In advance, I would like to thank your office for taking the time to respond to this letter.  I am sure that your response would help me to relieve the constant fear I have been living under since 2001.

Meanwhile, if you have any questions or wish to contact me, please feel free to do so.  All my contact information is provided above.

Thank you for your anticipated cooperation.

Sincerely,


Cina A. Ryan

Enclosures



**CC:**  US Department of Justice
Attn: Office of Civil & Human Rights
950 Pennsylvania Ave, NW
Washington DC  20530-0001

2



**U.S. Department of Justice**

Office of Information Policy



*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR 1 4 2011

Ms. Cina A. Ryan
Apt. 1214
5480 Wisconsin Avenue
Chevy Chase, MD  20815

     Re: AP-2011-00577

Dear Ms. Ryan:

     This responds to your letter dated February 25, 2011, regarding the status of your administrative appeal from the action of the Federal Bureau of Investigation on your Freedom of Information Act request.

     Your administrative appeal has recently been assigned to a staff member of this Office for processing.  Due to the large number of appeals received by this Office and the individual review given to each, it is difficult to predict accurately when a final determination will be made on your appeal.  However, based on the average review time, we anticipate that it will take at least another several weeks.

     I hope this information is of assistance to you and appreciate your continued patience.

                      Sincerely,

                      Priscilla Jones
                      Supervisory Administrative Specialist

PJ:ADJ



**U.S. Department of Justice**

Office of Information Policy



PLAINTIFF'S
EXHIBIT
16

THE OHIO LEGAL BLANK CO., INC.
CLEVELAND, OHIO  44102-1799

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**JUN 2 1 2011**

Mr. Cina A. Ryan                    Re:    Appeal No. AP-2011-00577
Apartment 1214                             Request No. 1155618
5480 Wisconsin Avenue                      ADW:KRP
Chevy Chase, MD  20815

Dear Mr. Ryan:

      You appealed from the action of the Federal Bureau of Investigation on your request for access to records pertaining to yourself.

      The Freedom of Information Act provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  After carefully considering your appeal, I am affirming, on partly modified grounds, the FBI's action on your request.

      To the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, I am affirming the FBI's action in refusing to confirm or deny the existence of any such records responsive to your request.  The FBI properly refused to confirm or deny the existence of such information because such information, if it exists, is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(E).  This provision concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.  This response should not be taken as an indication that records do or do not exist.  Rather, this is the standard response made by the FBI.

      As to any other records, the FBI informed you that it could locate no main files responsive to your request.  Subsequent to your appeal, the FBI conducted an additional search for records responsive to your request, but could locate no responsive records in its indices.  Further, the FBI conducted a specific search of the Electronic Surveillance System (ELSUR) but could locate no records.  I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to your request.

      Please be advised that this Office's decision was taken only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the actions of the FBI in response to your request.

-2-

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



### THE LAW OFFICES OF SAEID B. AMINI
*District of Columbia, Florida, Maryland, New York, Ohio*
### SAEID B. AMINI, PH.D., MBA, JD

730  24th Street, NW
Suite One
Washington DC 20037
202-965-8887
202-965-4446 (f)

22901 Millcreek Blvd.
Metropolitan Plaza, Suite 395
Cleveland, Ohio 44122
216/364-9999
216/839-1122 (f)

Cell Phone: 202-306-9444
Email: sbajd98@yahoo.com

March 19, 2012

Eric Holder, as Attorney General          VIA FedEx Delivery
Of the United States
Department of Justice
**Attn: Office of General Counsel (FBI)**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Re:  FOIA Request for FBI File
Name of Client:      Cina Ryan
Client's SS #:       xxx-77-8542
Client's DOB:        February 20, 1952

Dear General Counsels:

The above referenced client came to our office and asked us to help him to file the attached Complaint that he had prepared in connection with his FOIA request for his personal FBI file. In the past years, Mr. Ryan has followed the FBI procedures and formally requested a copy of his file, but unfortunately, FBI refused to provide him a copy of his file. As a last option available to him, Mr. Ryan prepared the attached lawsuit and is planning to file. We advised Mr. Ryan to provide a copy of the Compliant to your office and wait for a response from your office before filing it with the court.

All Mr. Ryan wants is a complete copy and records of his own FBI and Department of Justice files. At our advice, we will refrain from filing the attached lawsuit for 30 days from the date of this letter. We hope that a filing of a lawsuit is avoided in this matter.

Any correspondence and requests for additional information regarding this matter should be directed to the undersigned legal counsel at his Washington, DC office.

Thank you for your attention.

Sincerely,

SAEID B. AMINI, *Esq.*

*Enclosure*

*Cc: client (Hand delivery)*

FedEx. Ship Track Manage Learn FedEx Office®

Support | Locations | English

Search fedex.com

## Detailed Results

Printer-Friendly Get Link Help

Enter tracking number

Detailed Results | Notifications

Tracking no.: 800116096169 Select time format: 12H | 24H E-mail notifications

### Delivered

Initiated Picked up In transit Delivered

**Delivered**
Signed for by: H.OWENS

**Shipment Dates**

Ship date Mar 19, 2012
Delivery date Mar 20, 2012 9:33 AM

**Destination**

Signature Proof of Delivery

### Shipment Options

Help

**Hold at FedEx Location**
Hold at FedEx Location service is not available for this shipment.

### Shipment Facts

Help

| | | | |
|---|---|---|---|
| Service type | Priority Envelope - Direct Signature Required | Delivered to | Shipping/Receiving |

### Shipment Travel History

Help

Select time zone: Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Mar 20, 2012 9:33 AM | **Delivered** | | |
| Mar 20, 2012 9:26 AM | On FedEx vehicle for delivery | WASHINGTON, DC | |
| Mar 20, 2012 7:28 AM | At local FedEx facility | WASHINGTON, DC | |
| Mar 19, 2012 9:07 PM | Left FedEx origin facility | WASHINGTON, DC | |
| Mar 19, 2012 5:04 PM | Picked up | WASHINGTON, DC | Tendered at FedEx Office |

FedEx. Search fedex.com

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support
My FedEx Rewards

**Company Information**
About FedEx
Careers
Investor Relations

**Featured Services**
FedEx SameDay
FedEx Home Delivery
Healthcare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
Compatible Solutions Program
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx SupplyChain

**Follow FedEx**

United States - English

© FedEx 1995-2012

Global Home | Site Map | fedex.com Terms of Use | Security and Privacy

