IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CINA A. RYAN,<br><br>   Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION and U.S. DEPARTMENT<br>OF JUSTICE,<br><br>   Defendants. | Civil Action No. 1:14-cv-01422-TSC |

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD") in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 227 employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ")

units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526, Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of plaintiff's FOIA/Privacy Act request seeking all records pertaining to himself.

(4)     This declaration incorporates my declaration dated October 8, 2014 (hereinafter "First Hardy Declaration"). I submit this declaration in support of the Defendant's Reply Memorandum in support of its Motion for Summary Judgment and to provide the Court with additional information and to clarify specific issues raised in plaintiff's Affidavit in Opposition and Amended Affidavit in Opposition.

## FBI CONDUCTED AN ADEQUATE AND REASONABLE SEARCH

(5)     In Plaintiff's Memorandum of Points in Support of his Opposition, he asserts the FBI's search for responsive records was inadequate because the FBI did not conduct a search for all records about Plaintiff in the FBI's Surveillance Data Warehouse, "Bureau Mailing Lists," and Investigative Case Management ("ICM") and Electronic Case File ("ECF") indices. See Plaintiff's Affidavit in Opposition to Motion for Summary Judgment, ¶¶ 9-11.

2

(6) RIDS conducted a search reasonably calculated to locate records responsive to plaintiff's request. First, given its comprehensive nature and scope, the CRS is the principal records system searched by RIDS to locate information responsive to most FOIPA requests, as the CRS is where the FBI indexes information about individuals, organizations, and other subjects of investigative interest for future retrieval. See First Hardy Declaration ¶¶15-20. Moreover, the CRS incorporates both the ICM and ECF functions. See First Hardy Declaration ¶19. Second, the CRS is the FBI system where records responsive to this request would reasonably be found. Plaintiff's request seeks information concerning himself. Therefore, such information would reasonably be expected to be located in the CRS via the index search methodology. Third, in this case, the ELSUR indices were likewise searched using the same variations of Plaintiff's name as search terms. See First Hardy Declaration ¶¶ 25-28. As applicable here, plaintiff provided no information for RIDS to reasonably conclude that responsive records would reside outside the CRS or ELSUR indices. Therefore, because there is no basis that would permit RIDS to conclude that a search elsewhere could reasonably be expected to locate responsive material, conducting any additional searches would thus be unduly burdensome in nature.

(7) With regard to the Surveillance Data Warehouse System, it is used to analyze information gathered as a result of electronic surveillance ("ELSUR"). The FBI does not generally search these types of systems, which exist for investigative purposes to analyze evidence gathered during criminal investigations, and there is no reason to depart from that practice here. As previously explained, the FBI has no record of having conducted ELSUR on Plaintiff. Thus, it would not be reasonable to conclude that there would be any responsive records in a system specifically designed to analyze ELSUR information.

(8)     Similarly, the FBI found no reasonable basis to believe that a search of the Bureau Mailing List would locate responsive records. The Bureau Mailing List is simply a list of people and groups (e.g., law enforcement agencies) that receive FBI publications, Wanted posters, and other similar types of correspondence. There was no reason for the FBI to conclude that any responsive information about Plaintiff would be located there

(9)     In Plaintiff's Amended Opposition, he provides, approximately four years after his initial FOIA request, four additional variations of his name not provided previously: "Cina Rayan," "Sina Rayan," "Cina A. Rayan," and "Sina A. Rayan." Despite the Plaintiff's untimely notification of this alternate spelling of his last name, and although the multiple searches the FBI previously conducted using the names he originally provided were proper and reasonable, the FBI has performed a separate and additional search of the CRS for the newly provided name variations, in an abundance of caution. This new search of the CRS also failed to locate any responsive records.

(10)    Finally, Plaintiff also claims, without any factual support, that the FBI transferred thousands of pages of records about him to 17-18 other unnamed agencies. In some instances, the FBI shares records with other agencies for law enforcement purposes or transfers records to other agencies, such as the National Archives and Records Administration ("NARA"), for historical record keeping purposes. Where the FBI engages in such record sharing, there is, however, a record documenting such sharing or transfers. Moreover, when the FBI shares information for law enforcement purposes, it retains the record and merely shares copies. Thus, if the FBI once had records about Plaintiff and transferred or shared them with another agency, a search of the CRS would reveal these facts. As the FBI has repeatedly shown in this case, no such records exist.

## CONCLUSION

(11) The FBI performed multiple searches of its CRS, including the manual and automated indices, and the ELSUR indices in an effort to locate responsive records. Through these efforts, the FBI was unable to locate any main files, cross references, or ELSUR records subject to the FOIA that were indexed to any of the names provided by Plaintiff. Other than the CRS and ELSUR indices, there are no other record systems or offices within the FBI that are likely to maintain the records requested by Plaintiff. Accordingly, the FBI has performed adequate searches reasonably likely to locate records responsive to plaintiff's request. Those searches failed to locate any responsive records, and the FBI's response in this regard was proper. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of April, 2015.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia