UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CINA A. RYAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-cv-1422 (TSC) |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The court held a hearing on the motion for summary judgment pending in this matter on May 14, 2015. Plaintiff Cina A. Ryan alleges that certain questions and comments by the court in the course of that hearing create reason to believe the court "will not rule on the Plaintiff's case, in a fair and impartial manner." (Pl. Recusal Mot., ECF No. 14, at 1). As such, he moves the undersigned to disqualify herself from this matter pursuant to 28 U.S.C. § 455.[1] For the reasons set forth below, Plaintiff's motion is DENIED and the undersigned will continue to preside over this matter.

I.   **FACTUAL BACKGROUND**

The facts of the underlying dispute in this Freedom of Information Act ("FOIA") lawsuit are tangentially relevant; therefore, the court provides only a brief overview. Plaintiff, who

---

[1] A separate statute, 28 U.S.C. § 144, requires recusal upon a party's "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." This motion is properly before the court only under § 455, for lack of the "timely and sufficient affidavit" required by § 144. However the outcome would be the same under either statute, since "substantively, the two statutes are quite similar, if not identical." *Phillips v. Joint Legis. Comm. on Performance and Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. Unit A 1981).

believes he is under surveillance by the FBI, submitted a FOIA request for his complete FBI file. (Compl. ¶¶ 8, 24; Declaration of David Hardy ["Hardy Decl."], ECF No. 4-3, Ex. A at 3). The FBI located no responsive documents and Plaintiff filed this lawsuit challenging the adequacy of the FBI's search. (Compl. ¶ 44; Hardy Decl. Ex. E). Importantly, for purposes of the hearing and the instant motion, Plaintiff's challenge is based primarily on his argument that the FBI's search was inadequate because the FBI conducted the search using several variations of Plaintiff's name but not the variation which appears on various forms of government-issued identification: Cina Ryan (without any middle initial). (Pl. Opp'n, ECF No. 7, at 7; Am. Affidavit, ECF No. 8, at 1; Reply to 2d Hardy Decl., ECF No. 12, at 2-3). The FBI contends that, as a function of the phonetic search methodology employed, searching for this particular variation was unnecessary because any documents using the name "Cina Ryan" would have been located when searches were run for similar spelling variations, e.g. "Sina Ryan" or "Cina A. Ryan." (Hardy Decl. ¶ 25). The court ordered the FBI to submit, no later than June 14, 2015, a declaration providing the court with additional information about the phonetic search tool to enable the court to evaluate this argument (and information addressing some of Plaintiff's other arguments). The FBI did so on June 8, 2015. (ECF No. 16). At present, the court has issued no opinion or order reaching any conclusion on the merits of these competing arguments.

## II.   LEGAL STANDARD

The recusal statute does not "warrant the transformation of a litigant's fear that a judge may decide a question against him into a reasonable fear that the judge will not be impartial." *Murchison v. Inter-City Mortg. Corp. Profit Shaing & Pension Plans*, 503 F. Supp. 2d 184, 188 (D.D.C. 2007) (internal quotation omitted). Instead, recusal is to be "limited to truly extraordinary cases where…the judge's views have become 'so extreme as to display clear

inability to render fair judgment.'" *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)).

Disqualification is required whenever the judge's "impartiality might reasonably be questioned" or when the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. "Recusal [for impartiality] is required when a reasonable and informed observer would question the judge's impartiality," *SEC v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (internal quotations omitted), while recusal for personal bias requires a showing of "actual bias or prejudice." *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

A judge's remarks, including those that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* If the opinion expressed derives from an "extrajudicial source," recusal may be proper. *Id.*, *Am. Cntr. for Civil Justice v. Ambush*, 680 F. Supp. 2d 21, 24-25 (D.D.C. 2010) ("A party moving for recusal pursuant to Section 455(a) must demonstrate the court's reliance on an extrajudicial source that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, ... a deep-seated favoritism or antagonism that would make fair judgment impossible.") (internal citations and quotations omitted, alteration in original). Statements that are "assessments relevant to the case, whether they are correct or not…do not demonstrate bias, even if they are expressions of impatience, dissatisfaction, or annoyance." *United States v. Ciavarella*, 716 F.3d 705, 719 (3d Cir. 2013) (internal quotations

and alterations omitted), *District of Columbia v. Doe*, 611 F.3d 888, 899 (D.C. Cir. 2010) (judge's accusation that plaintiff "deceptively work[ed] around his 'no personal service rule' and…engag[ed] in unethical behavior" was not a basis for recusal); *see also United States v. Carson*, 455 F.3d 336, 358 (D.C. Cir. 2006), *Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 98, 109-110 (D.D.C. 2009) (expressions of disapproval of "well-documented and repeated failures to comply with court-ordered deadlines" in "neutral and respectful language" did not suffice to support a recusal or disqualification).  By contrast, statements by the presiding district court judge which included "crude characterizations of Microsoft, his frequent denigrations of Bill Gates, [and] his mule trainer analogy as a reason for his remedy," which were made "outside the courtroom, in private meetings unknown to the parties, in anticipation that ultimately the Judge's remarks would be reported," created an appearance of partiality such that recusal was appropriate.  *United States v. Microsoft Corp.*, 253 F.3d 34, 116 (D.C. Cir. 2001).

### III.     ANALYSIS

The sole basis for Plaintiff's recusal motion are statements, perhaps limited to a single statement, by the court in the course of the hearing on Defendant's motion for summary judgment.  (Pl. Recusal Mot. at 2).  The court stated, while addressing Plaintiff's argument that the FBI deliberately excluded the search term "Cina Ryan" in order to avoid locating responsive documents, that "if the FBI had done a search of Cina Ryan, C-I-N-A Ryan, no middle initial A, and come up with no documents, you would be telling me that that was also inadequate, right?" (Mot. Hr'g Tr. 30:11-14 May 14, 2015).  Plaintiff disagreed.  (*Id.* 30:15-23).  This comment does not indicate the court is unable to impartially decide whether the FBI has adequately searched for documents concerning Plaintiff.  *Murchison,* 503 F. Supp. 2d at 189 (judge's observations must evidence "deep-seated and unequivocal antagonism" in order to warrant recusal).  To the

contrary, the court informed the parties during this hearing that it was "perplexed" by the FBI's "curious" decision not to conduct a search using the name "Cina Ryan," (Mot. Hr'g Tr. 31:4-5, 31:22-32:5, 33:13), and required the FBI to submit an additional declaration addressing several of Plaintiff's arguments. (*Id.* 40:2-18, 41:7-14). Indeed, the court convened the hearing in the first instance, and permitted the submission of additional evidence and declarations from the parties, at Plaintiff's request. (Pl. Aff., ECF No. 7 at 1 ("requesting oral arguments"); Pl. Opp'n, ECF No. 7 at 7 ("the Plaintiff wants to subpoena some of the individuals mentioned in his affidavit"); Minute Order, Apr. 8, 2015; *see also* Mot. Hr'g Tr. 9:16-12:7 (confirming that Plaintiff had submitted for the court's review all exhibits he believed necessary to the court's decision)).

## IV.   CONCLUSION

Plaintiff has pointed to no evidence, and there is none, that the undersigned has either a personal bias against him or that a reasonable and informed observer of the proceedings in this case to date could question the undersigned's impartiality. The court has given Plaintiff multiple opportunities to present the court with both evidence and argument about the adequacy of the FBI's search efforts. No recusal or disqualification is warranted and Plaintiff's motion is accordingly denied.

A corresponding order will issue separately.

Dated: June 9, 2015